**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | : | ID No. 1706010844 |
| | : | In and for Kent County |
| v. | : | |
| | : | RK17-07-0360-01 |
| DEREK S. KUNITZ, | : | Rape 2nd WO Con (F) |
| | : | |
| Defendant. | : | |

**ORDER**

Submitted: October 25, 2019
Decided: November 21, 2019

On this 21st day of November 2019, after considering Derek Kunitz's motion for postconviction relief, the Commissioner's Report and Recommendation, the State's response, and the record in this case, it appears that:

1.  On December 13, 2017, Mr. Kunitz pled guilty to one count of Rape in the Second Degree Without Consent, in violation of 11 *Del. C.* § 772.

2.  As part of the plea agreement, the State and the defense agreed to recommend a sentence of twenty-five years incarceration suspended after fifteen years, followed by probation.  The Court followed the sentence recommendation and sentenced Mr. Kunitz accordingly.

3.   Mr. Kunitz did not appeal his conviction or sentence to the Delaware Supreme Court.  Instead, he filed this motion for postconviction relief pursuant to Superior Court Criminal Rule 61.  He alleges, in part, ineffective assistance of counsel. He also alleges that his plea was not knowing and voluntary.  Finally, he alleges that the count in the indictment alleging the charge to which he pled was "faulty" because it did not properly allege the elements of the offense.  He also alleges that the indictment was void because the grand jury foreperson did not sign the indictment.[1]

---

[1] In fact, the foreperson and secretary of the grand jury both signed the indictment.

4. In her September 11, 2019 Report and Recommendation, the Commissioner fully and correctly addressed Mr. Kunitz's arguments. She found them to be without merit and recommended that the Court deny his motion. Mr. Kunitz did not file exceptions to her Report.

**NOW, THEREFORE,** after a *de novo* review of the record in this matter, for the reasons stated in the Commissioner's Report and Recommendation dated September 11, 2019;

**IT IS HEREBY ORDERED** that the Commissioner's Report and Recommendation attached as Exhibit "A", is adopted by the Court in its entirety. Mr. Kunitz's motion for postconviction relief pursuant to Superior Court Criminal Rule 61 is therefore **DENIED**.

/s/Jeffrey J Clark
Judge

2

# Exhibit A

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | ID No. 1706010844 |
| | ) | In and for Kent County |
| v. | ) | |
| | ) | RK17-07-0360-01 |
| DEREK S. KUNITZ, | ) | Rape 2nd WO Con   (F) |
| | ) | |
| Defendant. | ) | |

## COMMISSIONER'S REPORT AND RECOMMENDATION

**Upon Defendant's Motion for Postconviction Relief**
**Pursuant to Superior Court Criminal Rule 61**

Kathleen A. Dickerson, Esq., Deputy Attorney General, Department of Justice, for the State of Delaware.

Derek S. Kunitz, *pro se.*

FREUD, Commissioner
September 11, 2019

The defendant, Derek S. Kunitz ("Kunitz"), pled guilty on December 13, 2017, as charged, to one count of Rape in the Second Degree Without Consent, 11 *Del. C.* § 772. As part of the plea deal the State and the defense agreed upon a recommended sentence of twenty-five years incarceration suspended after serving fifteen years, ten of which were minimum mandatory followed by probation. The Court agreed with the sentence recommendation and sentenced Kunitz accordingly. Had Kunitz gone to trial and been found guilty as charged he faced twenty-five years in prison. Kunitz did not

4

appeal his conviction or sentence to the State Supreme Court. Instead, Kunitz filed the pending motion for postconviction relief pursuant to Superior Court Criminal Rule 61 on December 3, 2018 in which he alleges, in part, ineffective assistance of counsel.

## FACTS

The following are the facts as outlined by the State in their reply to Kunitz's motion and documented by accompanying exhibits including the police report and a psychiatric evaluation of the victim attached to the State's Reply.

> The defendant was arrested on June 30, 2017, and subsequently charged by indictment with Rape Second Degree, a violation of 11 *Del. C.* § 772. The crime occurred while the defendant was staying with his ex-girlfriend and [name redacted] (the "victim"), his ex-girlfriend's profoundly disabled 28-year old daughter, at their house in [Kent County], Delaware (Exhibit "A"). The defendant's ex-girlfriend reported to the police that on the morning of March 4, 2017, she rushed into her living room after she thought she heard her daughter choking. When she entered the room, she witnessed the victim sitting on the ground performing fellatio on the defendant, who was seated in a chair. The defendant quickly pulled up his pajama pants and told his ex-girlfriend that this was "the first time it happened." When his ex-girlfriend demanded that the defendant leave her house, he stated, "I made one mistake and you're going to throw me out?"
>
> Trooper Murphy of the Delaware State Police was the first responding officer. He noted that the victim could not be interviewed due to her disability. While the trooper was at the residence, the victim made "delusional" and "nonsensical" statements. Her mother reported that the victim had difficulty discerning truth from reality. Later Detective Dan Blomquist of Delaware State Police's Criminal Investigations Unit was assigned to investigate the case. He met the victim and determined that her disability precluded an

interview.

Det. Blomquist interviewed the defendant at Delaware State Police Troop 3.  He admitted that he received fellatio from the victim.  He repeatedly stated that he did not force her to engage in the sex act.  He also indicated that he needed help "sexual wise" on knowing "who to do it with and who not to do it with."  He admitted that having sex with the victim was wrong.

Dr. Stephen Mechanick, a psychiatrist, evaluated the victim's ability to consent to sexual activity (Exhibit "B").  Dr. Mechanick reviewed the victim's school and medical records, the police report and associated interviews, and Division of Family Services records and he personally evaluated the victim in her home.  Dr. Mechanick concluded that the victim had 22q11.2 deletion syndrome, a genetic disorder that causes developmental delays.  Dr. Meckanick determined that the victim's "intellectual disability seriously compromises her ability to understand and consent to engaging in sexual activity."  The doctor found that the victim "is not capable of consenting to engaging in sexual activity" and that her "psychiatric impairments are quickly . . . obvious to even a casual observer."[2]

## KUNITZ'S CONTENTIONS

In his motion, Kunitz raises the following grounds for relief:

Ground one:    Ineffective Assistance.
                     That my counsel failed to investase (sic) my case and gave me erronouse (sic) information in which she informed me that it was best for me to plea out.  As well as not giving me a copy of the arrest warrant or any thing else in my case.

---

[2]  *State v. Kunitz*, Del. Super, ID No. 1706010844, D.I. 28.

Ground two: Faulty indictment.
The indictment doesn't met (sic) the eliments (sic) of the charge for. I was indicted on charge, however that charge to meet the eliments (sic) I would need to be indicted on other charges. Plus there is no signature of the chairperson of the Grand Jury.

Ground three: I wish to claim actual innocents (sic) to my charge. I did not force myself upon the person in this case. Thus my arrest and conviction are of malicious act

## DISCUSSION

Under Delaware law, this Court must first determine whether Kunitz has met the procedural requirements of Superior Court Criminal Rule 61(i) before it may consider the merits of his postconviction relief claim.[3] This is Kunitz's first motion for postconviction relief, and it was filed within one year of his conviction becoming final. Therefore, the requirements of Rule 61(i)(1) - requiring filing within one year and (2) - requiring that all grounds for relief be presented in initial Rule 61 motion, are met. None of Kunitz's claims were raised at the plea, sentencing, or on direct appeal. Therefore, they are barred by Rule 61(i)(3), absent a demonstration of cause for the default and prejudice. Only Kunitz's first ground for relief is based on ineffective assistance of counsel; therefore, he has alleged cause for his failure to have raised the claim earlier. He makes no argument for his failure to have raised his remaining two claims earlier. They are therefore clearly procedurally by Rule 61(i)(3).

At this point, Rule 61(i)(3) does not bar relief as to Kunitz's first ground for relief, provided he demonstrates that his counsel was ineffective and that he was prejudiced by counsel's actions. To prevail on his claim of ineffective assistance of

---

[3] *Bailey v. State,* 588 A.2d 1121, 1127 (Del. 1991).

counsel, Kunitz must meet the two-prong test of *Strickland v. Washington*.[4]  In the context of a guilty plea challenge, *Strickland* requires a defendant show:  (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's actions were prejudicial to him in that there is a reasonable probability that, but for counsel's error, he would not have pled guilty and would have insisted on going to trial and that the result of a trial would have been his acquittal.[5]  The failure to establish that a defendant would not have pled guilty and would have proceeded to trial is sufficient cause for denial of relief.[6]  In addition, Delaware courts have consistently held that in setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[7]  When examining the representation of counsel pursuant to the first prong of the *Strickland* test, there is a strong presumption that counsel's conduct was professionally reasonable.[8]  This standard is highly demanding.[9]  *Strickland* mandates that, when viewing counsel's representation, this Court must endeavor to "eliminate the distorting effects of hindsight."[10]

Following a complete review of the record in this matter, it is abundantly clear that Kunitz has failed to allege any facts sufficient to substantiate his claim that his attorney was ineffective.  I find trial counsel's affidavit, in conjunction with the record, more credible that Kunitz's self-serving claims that his counsel's representation was

---

[4]  466 U.S. 668 (1984).

[5]  *Id.* at 687.

[6]  *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997)(citing *Albury v. State*, 551 A.2d 53, 60 (Del. 1988))(citations omitted).

[7]  *See e.g.*, *Outten v. State*, 720 A.2d 547, 557 (Del. 1998) (citing *Boughner v. State*, 1995 WL 466465 at *1 (Del. Supr.)).

[8]  *Albury*, 551 A.2d at 59 (citing *Strickland*, 466 U.S. at 689).

[9]  *Flamer v. State*, 585 A.2d 736, 754 (Del. 1990)(quoting *Kimmelman v. Morrison*, 477 U.S. 365, 383 (1986)).

[10]  *Strickland*, 466 U.S. at 689.

ineffective. Kunitz's counsel clearly denies the allegations.

Kunitz was facing the possibility of twenty-five years in prison had he been convicted. The sentence and plea were very reasonable under all the circumstances, especially in light of the overwhelming evidence against him. Prior to the entry of the plea, Kunitz and his attorney discussed the case. The plea bargain was clearly advantageous to Kunitz. Counsel was successful in negotiating a beneficial plea bargain with the State. Counsel's representation was certainly well within the range required by *Strickland*. Additionally, when Kunitz entered his guilty plea, he stated he was satisfied with defense counsel's performance. He is bound by his statement unless he presents clear and convincing evidence to the contrary.[11] Consequently, Kunitz has failed to establish that his counsel's representation was ineffective under the *Strickland* test.

Even assuming, *arguendo*, that counsel's representation of Kunitz was somehow deficient, Kunitz must satisfy the second prong of the *Strickland* test, prejudice. In setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk dismissal.[12] In an attempt to show prejudice, Kunitz simply asserts that his counsel was ineffective. His statements are insufficient to establish prejudice, particularly in light of the evidence against him. Therefore, I find Kunitz's grounds for relief are meritless.

To the extent that Kunitz alleges his plea was involuntary, the record contradicts such an allegation. When addressing the question of whether a plea was constitutionally knowing and voluntary, the Court looks to a plea colloquy to determine if the waiver of constitutional rights was knowing and voluntary.[13] At the guilty-plea hearing, the Court

---

[11] *Mapp v. State*, 1994 WL 91264, at *2 (Del.Supr.)(citing *Sullivan v. State*, 636 A.2d 931, 937-938 (Del. 1994)).

[12] *Larson v. State*, 1995 WL 389718, at *2 (Del. Supr.)(citing *Younger*, 580 A.2d 552, 556 (Del. 1990)).

[13] *Godinez v. Moran*, 509 U.S. 389, 400 (1993).

9

asked Kunitz whether he understood the nature of the charges, the consequences of his pleading guilty, and whether he was voluntarily pleading guilty. The Court asked Kunitz if he understood he would waive his constitutional rights if he pled guilty including the right to suppress evidence; if he understood each of the constitutional rights listed on the Truth-in-Sentencing Guilty Plea Form ("Guilty Plea Form"); and whether he gave truthful answers to all the questions on the form. The Court asked Kunitz if he had discussed the guilty plea and its consequences fully with his attorney. The Court asked Kunitz if he was entering into the plea as he was guilty of the charges. The Court also asked Kunitz if he was satisfied with this counsel's representation. Kunitz answered each of these questions affirmatively.[14] Additionally when asked by the Court if he had any additional comments he stated: "I would like to apologize. I just – I did something I wasn't supposed to do and I know I'm guilty for it and I apologize for doing it. I know I shouldn't have."[15] I find counsel's representations far more credible than Kunitz's self-serving, vague allegations.

Furthermore, prior to entering his guilty plea, Kunitz signed a Guilty Plea Form and Plea Agreement in his own handwriting. Kunitz's signatures on the forms indicate that he understood the constitutional rights he was relinquishing by pleading guilty and that he freely and voluntarily decided to plead guilty to the charges listed in the Plea Agreement. Kunitz is bound by the statements he made on the signed Guilty Plea Form, unless he proves otherwise by clear and convincing evidence.[16] I confidently find that Kunitz entered his guilty plea knowingly and voluntarily and that Kunitz's grounds for relief are completely meritless.

Turning briefly to Kunitz's remaining grounds for relief he claims "faulty

---

[14] *State v. Kunitz*, Del. Super., ID No. 1706010844 (Dec. 13, 2017) Tr. at 3-9.

[15] *Id*. at 9.

[16] *Sommerville,* 703 A.2d at 632.

10

indictment" in his Second ground. Specifically, he claims that the indictment does not meet the elements and that the "chairperson of the grand jury" failed to sign the document. Defense Counsel disagrees with this assertion as she found no problems with the indictment. Contrary to Kunitz's assertion, the indictment was properly signed by the foreperson and secretary of the grand jury (Exhibit "D").[17] Kunitz's claim is patently untrue.

Kunitz's argument that the indictment fails to meet the elements is conclusory. The language of the charge cited in the indictment, Rape Second Degree, mirrors the language of 11 *Del. C.* § 772(a)(1). According to § 772(a)(1), a person is guilty of Rape Second Degree when he or she "[i]ntentionally engages in sexual intercourse with another person and the intercourse occurs without the victim's consent."[18] The indictment alleges that the defendant "did intentionally engage in sexual intercourse with [name redacted] and the intercourse occurred without said victim's consent." The indictment includes language that includes both elements of the offense – sexual intercourse and lack of consent. This allegation fails to cite any credible supporting evidence and is utterly conclusory.

Furthermore, assuming arguendo that a defect in the indictment existed, Kunitz waived any defect or error upon entry of his guilty plea.[19] Kunitz's sentence was the result of a plea that he explicitly agreed to accept. As with Ground one, Kunitz fails to state a ground for relief and his claim should be summarily denied.[20]

In Ground three Kunitz claims actual innocence. According to Kunitz, he is not guilty of the offense because he did not force himself upon the victim. However the

---

[17] *State v. Kunitz*, Del. Super, ID No. 1706010844, D.I. 28.
[18] 11 *Del. C.* § 772(a)(1).
[19] *Cooper v. State* , 2006 WL 1374676,  at *2 (Del. Super. May 19, 2006),
[20] *See State v. Reeder*, 2005 WL 1249041, at *8 (Del. Super. May 26, 2005).

evidence against Kunitz was overwhelming not only was he caught in the act by the victim's mother, he admitted to the police that he committed the crime and knew it was wrong. Furthermore, Kunitz acknowledged his guilt several times during his guilty plea colloquy. Finally, it is absolutely clear from Dr. Mechanick's report that the victim was so mentally disabled that she was totally incapable of giving consent to any sexual act, a fact that Kunitz clearly knew as evidenced by his acknowledgment that his actions were "wrong." There are simply no facts, other than Kunitz's self-serving claims, that support the notion that Kunitz is innocent of the charges. To the contrary, the facts overwhelmingly support the conclusion that he is, in fact, guilty.

## CONCLUSION

I find that Kunitz's counsel represented him in a competent and effective manner and that Kunitz has failed to demonstrate any prejudice stemming from the representation. I also find that Kunitz's guilty plea was entered knowingly and voluntarily. I recommend that the Court **deny** Kunitz's motion for postconviction relief as procedurally barred and completely meritless pursuant to Superior Court Criminal Rule 61(i)(3).

/s/ Andrea M. Freud
Commissioner

12